IN THE MATTER OF THE ESTATE OF CATHARINE S. BAILEY, DECEASED.

*Power of a surrogate to grant costs to counsel — it is limited by sections 2561 and 2562 of the Code of Civil Procedure — no credit can be given to an executor for counsel fees, unless they have been actually paid to the attorney.*

A surrogate has not the power to award costs to the counsel of an executor or administrator, except as provided in sections 2561 and 2562 of the Code of Civil Procedure.

While executors or administrators are not precluded from employing counsel to give them necessary legal assistance in the management of their trusts, or from compensating counsel according to the value of the services rendered, the rule is well settled that in no event can an allowance be made by the surrogate for a claim presented by an executor until he has actually paid his counsel and applies for reimbursement.

In this case the executor was credited in the decree, entered upon the settlement of his accounts, with $200 as the value of services rendered by an attorney, and with $150 for services rendered by another attorney in another action, while the undisputed evidence showed that no money had been paid to either of them, the executor, who was insolvent, having given his notes to them.

*Held,* that the claim of the executors did not come within the rule justifying the surrogate in giving the credit.

APPEAL from a decree of the surrogate of Saratoga county judicially settling the accounts of Giles S. Busbin, as the former executor of Catharine S. Bailey, deceased.

*E. F. Bullard,* for W. S. Haight, executor, appellant.

*P. C. Ford,* for Giles S. Brisbin, former executor, respondent.

PARKER, J.:

A surrogate has not the power to award costs to the counsel of an executor or administrator, except as provided in sections 2561 and 2562 of the Code of Civil Procedure. It is not pretended that

the credit allowed to the executor Brisbin, of $350, paid to his attorneys, Waldron & Lawrence, was made pursuant to the authority conferred by those sections. Such a claim could not be upheld were it made. While the authority of the surrogate to award costs is thus limited by statute, executors or administrators are in no wise precluded from employing counsel to give them necessary legal assistance in the management of their trusts, or from compensating counsel according to the value of the services rendered. For payment so made a claim may be made for reimbursement out of the funds of the estate, but the rule is well settled that in no event can an allowance be made by the surrogate for a claim presented by an executor, until he has actually paid his counsel and has applied for reimbursement. (*Shields* v. *Sullivan*, 3 Dem., 296.) In this case Brisbin, the executor, was credited in his decree with $200, value of services of George B. Lawrence, an attorney, and with $150 for services of C. A. Waldron, his attorney in another action, the undisputed evidence being that no money had been paid to them — not a dollar of the funds of the estate had been applied in making such payment. True, he had given his notes for the amount, but the surrogate finds as a fact that he was insolvent, so that the giving of the notes was a mere matter of form, and the conclusion is almost irresistible that the attorneys, having abandoned all hope of compensation, accepted the notes so as to reduce the amount of the executor's liability for moneys received, to the devisees under the will. It seems to be clear that the claim of the executor did not come within the rule justifying the surrogate in giving the credit as provided in the decree. Even though he had actually paid the money to the attorneys, so as to enable him to properly present a claim for reimbursement, its allowance by the surrogate in this case would be, to say the least, of doubtful propriety.

The services rendered by the attorney were not for the protection or benefit of the estate, but were solely for the benefit of the executor, in actions brought against him for misconduct in the office of executor, and while he was successful in the litigation, the evidence before the surrogate as to his conduct of the trust fully warranted a refusal to burden the estate with the expense of the litigation.

The decree should be modified by striking out the credit of $350 paid to Lawrence & Waldron ; and adjudging that the sum of $487.31,

instead of $137.31, be paid over to W. S. Haight, the present executor; and, as thus modified, decree to be affirmed; costs of this appeal to the appellant, against Giles S. Brisbin, personally.

LANDON and FISH, JJ., concurred.

Decree modified by striking out the credit of $350 alleged to have been paid to Lawrence & Waldron; and adjudging that $487.31, instead of $137.31, be paid to W. S. Haight, present executor; and, as thus modified, affirmed, with costs of appeal to appellant, against G. S. Brisbin, personally.